[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 96-2356

CRAIG J. MERCER,

Plaintiff, Appellant,

v.

SHERIFF CUMBERLAND COUNTY,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



Craig J. Mercer on brief pro se. 
William R. Fisher, Ivy L. Frignoca and Monaghan, Leahy, Hochadel 
& Libby on brief for appellee. 



October 14, 1997


Per Curiam. Plaintiff-appellant Craig J. Mercer, 

an Ohio prisoner, appeals pro se from the dismissal of his 

complaint under 42 U.S.C. 1983 alleging that the Sheriff of

Cumberland County (Maine) unlawfully detained Mercer and then

unlawfully transferred him to Ohio authorities, without an

extradition hearing, to face final parole revocation

proceedings. See 28 U.S.C. 1915(e)(2)(B), 1915A. We 

affirm.

Contrary to Mercer's suggestion, we do not think

that he stated a claim for unlawful detention. Pursuant to

Maine's Uniform Act for Out-of-State Parolee Supervision, the

sheriff had the authority to detain Mercer pending the

preliminary parole revocation hearing in Maine, and, since it

appeared that a retaking was likely, for a reasonable time

thereafter. Me. Rev. Stat. Ann. tit. 34-A, 9861. We are

not persuaded that the length of detention in the instant

case was unreasonable. The Uniform Act for Out-of-

State Parolee Supervision also permits the retaking of a

parolee subject to the Act without "formalities" other than

"establishing the authority of the officer and the identity

of the person to be retaken." Me. Rev. Stat. Ann. tit. 34-A,

9803. Mercer makes no argument that this Act incorporates

the procedural protections afforded by Maine's Criminal

Extradition Act, and the language of 9803 would suggest the

contrary. Under the circumstances, and passing without

-2-

deciding the question whether a failure to comply with

extradition procedures creates a cause of action under 

1983, we find no error in the dismissal.

Affirmed. 

-3-